UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDMUND LOWELL FIELDS, #487029,

                Petitioner,

                                          CASE NO. 2:12-CV-12658
v.                                      HON. DENISE PAGE HOOD

DAVID BERGH,

                Respondent.
_____/

## ORDER DENYING THE MOTION TO PROCEED IN FORMA PAUPERIS, DENYING THE RULE 60(b) & (d) MOTION, AND DENYING A CERTIFICATE OF APPEALABILITY

Michigan prisoner Edmund Lowell Fields ("Petitioner") has filed a motion for relief from judgment and independent action pursuant to Federal Rules of Civil Procedure 60(b) and 60(d), along with a motion to proceed in forma pauperis, concerning the Court's January 15, 2015 opinion and order denying his federal habeas petition.  The United States Court of Appeals for the Sixth Circuit denied a certificate of appealability on March 3, 2016.  Petitioner dated the instant motions on December 28, 2021.  In seeking relief from judgment, Petitioner asserts that the Court "inadvertently overlooked crucial testimonial affidavit evidence" from two witnesses, an affidavit from Dominic Roberts and a letter from Travis Verser.  ECF

No. 33, PageID.2547, 2557, 2559-2560.  The Court now **REOPENS** this case for

the limited purpose of resolving Petitioner's motions.  *See, e.g., Heximer v. Woods*,

No. 2:08-CV-14170, 2016 WL 183629, *1 (E.D. Mich. Jan. 15, 2016) (reopening

case for consideration of Rule 60(b) motion).

As an initial matter, the Court finds that Petitioner's motion to proceed in

forma pauperis is unnecessary.  Petitioner paid the initial filing fee for this habeas

action in 2012 and there are no additional fees for filing motions in federal court.

Accordingly, the Court **DENIES** the motion to proceed in forma pauperis.

Petitioner first seeks relief from judgment under Federal Rule of Civil

Procedure 60(b).  Under that rule, a federal district court will grant relief from a

final judgment or order only upon a showing of one of the following reasons:  (1)

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

evidence that, with reasonable diligence could not have been discovered in time to

move for a new trial under Rule 59(b); (3) fraud (whether previously called

intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void; (5) the judgment has been satisfied, released, or

discharged; it is based on an earlier judgement that has been reversed or otherwise

vacated; or applying it prospectively is not longer equitable; or (6) any other reason

that justifies relief.  Fed. R. Civ. P. 60(b).

2

A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) – no more than one year after the entry of the judgment or order or the date of the proceeding.  Fed. R. Civ. P. 60(c)(1); *Conner v. Attorney General*, 96 F. App'x 990, 992 (6th Cir. 2004).  The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).  A court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Petitioner did not file his motion for relief from judgment within one year or within a reasonable time given that the Court denied his habeas petition in January, 2015 and he filed his current motion in December, 2021.  Petitioner fails to provide an explanation for the nearly seven-year delay in filing his motion.  He knew or could have known of his arguments when he originally pursued federal habeas review.  Moreover, contrary to Petitioner's assertions, the Court reviewed the relevant state court records, which included the affidavit from Dominic Roberts and the letter from Travis Verser, ECF No. 20-22, PageID.2194-2196, in denying

3

Petitioner relief on his claims and dismissing his habeas petition. The motion is therefore untimely and lacks merit. Accordingly, the Court **DENIES** the Rule 60(b) motion.

Petitioner also contests the Court's decision and seeks relief under Federal Rule of Civil Procedure 60(d). That rule provides:

> Other Powers to Grant Relief. This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d). An independent action under Rule 60(d) is an equitable action, which has no time limitation. *Mitchell v. Rees*, 651 F.3d 593, 594-95 (6th Cir. 2011). Its elements are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id*. at 595 (citing *Barrett v. Secretary of Health & Human Svs.*, 840 F.2d 1259, 1263 (6th Cir. 1987)). An independent action under Rule 60(d) is available to

prevent "a grave miscarriage of justice." *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998), and citing cases). This is a "'stringent' and 'demanding' standard," and, because Petitioner seeks relief from judgment in a habeas case, he must make a strong showing of actual innocence to establish that relief is required. *Id.* at 595-96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998), and *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Petitioner makes no such showing. Rather, he re-argues issues previously addressed by the Court and/or raises issues which could have been presented in his initial habeas proceeding. The Court independently reviewed the state court record and the state court rulings. There was no error by the Court. Petitioner fails to establish his actual innocence. Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner admitted shooting the victim, but claimed that the evidence was insufficient to support his second-degree murder conviction. The statements from Roberts and Verser indicate that the victim assaulted and threatened Petitioner before the shooting, but do not establish Petitioner's actual, factual innocence. Moreover, the Court reviewed Petitioner's defaulted habeas claims on the merits. Petitioner's allegations do not warrant the extraordinary remedy that he seeks. He fails to demonstrate that the Court erred in dismissing his habeas petition, that he is

5

actually innocent, or that he is otherwise entitled to relief under Federal Rule of Civil Procedure 60(d).  Accordingly, the Court **DENIES** the Rule 60(d) motion.

A certificate of appealability is necessary to appeal the denial of a Rule 60 motion.  *See, e.g., Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Id.*

With *Slack v. McDaniel* in mind, judges In this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of
> reason would find it debatable whether the district court abused its

6

discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08-CV-11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012); *Carr v. Warren*, 05–CV–73763, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (both citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).  Petitioner is not entitled to a certificate of appealability because he fails to demonstrate that jurists of reason would find it debatable that the Court abused its discretion in denying his motion.  Accordingly, the Court **DENIES** a certificate of appealability.

For the reasons set forth above,

**IT IS ORDERED** that Petitioner's Rule 60(b) Motion (ECF No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Application to Proceed Without Prepaying Fees or Costs (ECF No. 34) is **DENIED** and a Certificate of Appealability will not issue.

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated:  February 3, 2022

7