UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDMUND LOWELL FIELDS, #487029,

      Petitioner,

v.

      CASE NO. 2:12-CV-12658
      HON. DENISE PAGE HOOD

DAVID BERGH,

      Respondent.
_____/

## ORDER DENYING MOTIONS FOR EXTENSION OF TIME AND FOR REHEARING (ECF Nos. 37, 38)

Michigan prisoner Edmund Lowell Fields ("Petitioner") was denied habeas relief in January, 2015. In December, 2021, he filed a motion for relief from judgment and independent action pursuant to Federal Rules of Civil Procedure 60(b) and 60(d), which the Court denied on February 3, 2022. The matter is now before the Court on his motion for an extension of time to file a motion for rehearing and his motion for rehearing. He dated the instant motions on April 8, 2022.

Local Rule 7.1(h) governs motions for rehearing or reconsideration of non-final orders. Such motions are "disfavored" and "must be filed within 14 days after entry of the order." E.D. Mich. L.R. 7.1(h)(2). As an initial matter, Petitioner seeks an extension of time for the filing of his motion for rehearing because he did not receive

a copy of the Court's February 3, 2022 order and learned of the Court's decision on March 23, 2022. Petitioner's request must be denied. "A district court is without power to enlarge the time for making motions for reconsideration of their orders." *Meeks v. Mich. Dep't of Corr.*, No. 2:19-CV-12506, 2020 WL 6161263, *1 (E.D. Mich. Oct. 21, 2020) (Steeh, J.) (citation omitted); *see also Allen v. Hemingway*, 24 F. App'x 346, 347 (6th Cir. 2001). Furthermore, while Petitioner seeks an extension of time because he did not receive notice of the Court's February 3, 2022 order denying his Rule 60 motions, he admits that he learned of the Court's decision on March 23, 2022, yet he did not date his current motions until April 8, 2022 – 16 days later. Consequently, an extension of time is not warranted and his motion for rehearing is untimely.

    Nonetheless, even if the Court were to excuse the late filing, Petitioner is still not entitled to relief on his motion for rehearing. To obtain relief under Local Rule 7.1(h), the moving party must demonstrate that:

> (A)   The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B)   An intervening change in controlling law warrants a different outcome; or
>
> (C)   New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. L.R. 7.1(h)(2). Petitioner makes no such showing. Moreover, a motion for reconsideration which presents issues already ruled upon by the district court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Such is the case here. The Court properly denied the motions for the reasons stated in its February 3, 2022 order. Rehearing is not warranted.

Accordingly, the Court **DENIES** Petitioner's motions for extension of time and for rehearing. This case is closed. No further pleadings should be filed in this matter. Further pleadings may be stricken.

**IT IS SO ORDERED**.

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: May 4, 2022