UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDMUND LOWELL FIELDS, #487029,

    Petitioner,

v.

    CASE NO. 2:12-CV-12658
    HON. DENISE PAGE HOOD

DAVID BERGH,

    Respondent.
_____/

**ORDER ON LIMITED REMAND DENYING ANY REQUEST
TO EXTEND THE TIME TO FILE A NOTICE OF APPEAL**

Michigan prisoner Edmund Lowell Fields ("Petitioner") was denied habeas relief in January, 2015. In December, 2021, he filed a motion for relief from judgment and independent action pursuant to Federal Rules of Civil Procedure 60(b) and 60(d), which the Court denied on February 3, 2022. Petitioner subsequently filed a motion for extension of time to file a motion for rehearing and a motion for rehearing, along with a notice of appeal, with a proof of service dated April 11, 2022. The Court denied those motions on May 4, 2022. The matter is now before the Court on limited remand from the United States Court of Appeals for the Sixth Circuit to determine whether Petitioner's time for filing a notice of appeal should be extended. Having reviewed the matter, the Court concludes that it should not be extended.

Under the Federal Rules of Appellate Procedure, a notice of appeal must be filed with the federal district court within 30 days after the judgment or order appealed from is entered. *See* Fed. R. App. P. 4(a)(1)(A). A federal district court may extend the time to file a notice of appeal if a party so moves no later than 30 days after the time prescribed expires and, regardless of whether the motion is filed before or during the 30 days after the time prescribed by Rule 4(a) expires, that party shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

In this case, the Court denied Petitioner's Rule 60 motions on February 3, 2022. Petitioner gave his notice of appeal and motion for extension of time to prison officials for mailing on April 11, 2022. He did not file his notice of appeal or his motion for an extension of time within 60 days the Court's decision such that he fails to meet the time requirement of Federal Rule of Appellate Procedure 4(a)(5). The district court is without authority to grant an untimely filed motion for extension of time to file an appeal. *Beard v. Carrollton Railroad,* 893 F.3d 117, 120 (6th Cir. 1989); *Pryor v. Marshall,* 711 F.2d 63, 64-65 (6th Cir. 1983)(Rule 4(a) prohibits consideration of excusable neglect or good cause where an appellant fails to file a timely motion requesting an extension of time.). Accordingly, the Court declines to

extend the time to file a notice of appeal under that rule.

The Court, however, also considers whether it should reopen the time for fling an appeal under Federal Rule of Appellate Procedure 4(a)(6). That rule states:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed from within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Petitioner fails to satisfy these requirements. Federal Rule of Civil Procedure 77(d) provides that notice of a judgment or order must be served on a party in accordance with Rule 5(b). Fed. R. Civ. P. 77(d)(1). Federal Rule of Civil Procedure 5(b), in turn, provides that where a party is represented by an attorney service must be made on the party's attorney unless the court orders service on the party, Fed. R. Civ. P. 5(b)(1), and may be accomplished by electronic means, Fed. R. Civ. P. 5(b)(2)(E).

In this case, Petitioner seeks an extension of time because he did not personally

receive notice of the Court's February 3, 2022 order denying his Rule 60 motions. Court records, however, indicate that a copy of the Court's order was electronically served on his attorney of record[1] on that date. This satisfies the notice and service requirements of Federal Rule of Civil Procedure 77(d) and Federal Rule of Civil Procedure 5(b). Petitioner neither alleges nor establishes that his attorney did not receive notice of the Court's order within 21 days after its entry on the docket. He fails to satisfy the first requirement of Rule 4(a)(6). *See, e.g., Garrett v. Presenik*, No. 2:09-CV-11076, 2012 WL 2342461, *4 (E.D. Mich. May 4, 2012), report and recommendation adopted, No. 09-11076, 2012 WL 2342396 (E.D. Mich. June 20, 2012) (citing cases and denying habeas petitioner's motion to reopen the time for filing an appeal where his counsel received notice of the court's decision).[2] Accordingly, the Court declines to reopen the time to file an appeal.

On limited remand, the Court, having considered and liberally construed

---

[1] E.D. Mich. LR 83.25(b)(2) provides that, "[a]n attorney may withdraw or be substituted for only on order of the Court." Counsel of record filed a Notice of Appearance on September 5, 2012. (ECF No. 19) No motion to withdraw as counsel has been filed with this Court to date. Counsel of record continues to receive notices of electronic filings in this action.

[2] The Court notes that Petitioner admits that he learned of the Court's decision on March 23, 2022 upon researching his case in the prison law library, yet he did not submit his notice of appeal and his motion for extension of time to prison officials for mailing until 19 days later, on April 11, 2022, more than 14 days after he received notice of the Court's order.

Petitioner's request to extend the time to file a notice of appeal, for the reasons set forth above,

    IT IS ORDERED that any request by Petitioner to extend the time to file an appeal is DENIED.

                                      s/Denise Page Hood
                                      DENISE PAGE HOOD
                                      UNITED STATES DISTRICT JUDGE

Dated:  May 23, 2022