UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDMUND LOWELL FIELDS, #487029,

        Petitioner,

v.

        CASE NO. 2:12-CV-12658
        HON. DENISE PAGE HOOD

DAVID BERGH,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTIONS FOR DISQUALIFICATION AND FOR RELIEF FROM JUDGMENT (Nos. 51, 53)

Michigan prisoner Edmund Lowell Fields ("Petitioner") was denied habeas relief in January, 2015. In December, 2021, he filed a motion for relief from judgment and independent action pursuant to Federal Rules of Civil Procedure 60(b) and 60(d), which the Court denied on February 3, 2022. Petitioner subsequently filed a motion for extension of time to file a motion for rehearing and a motion for rehearing, along with a notice of appeal, with a proof of service dated April 11, 2022. The Court denied those motions on May 4, 2022. On appeal, the United States Court of Appeals for the Sixth Circuit issued a limited remand for the Court to determine whether Petitioner's time for filing a notice of appeal should be extended. On May 23, 2022, the Court concluded that it should not. The Sixth Circuit subsequently dismissed

Petitioner's appeal for lack of jurisdiction. Petitioner then filed a motion to reopen the time for filing an appeal, which the Court denied on July 20, 2022. This matter is now before the Court on Petitioner's motions for disqualification of the judge and for relief from judgment.

## I. Motion for Disqualification

Petitioner seeks judicial disqualification, i.e. recusal, because he believes that the Court is biased against him due to its handling of his habeas case. Disqualification or recusal of a district judge is governed by 28 U.S.C. § 455. Subpart (a) of that statute provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see generally Liteky v. United States*, 510 U.S. 540 (1994). Subpart (b) of that statute provides, in relevant part, that a district judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party. . . ." 28 U.S.C. § 455(b)(1). This standard is objective and is not based upon the subjective view of the party seeking recusal. *United States v. Dandy*, 998 F.3d 1344, 1349 (6th Cir. 1993).

Petitioner alleges judicial bias based upon the Court's rulings in this case. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . unless they display a deep-seated favoritism or antagonism that would

make fair judgment impossible." *Liteky*, 510 U.S. at 555. Petitioner fails to show that the Court's handling of this case demonstrates such a deep-seated antagonism. He fails to establish that a reasonable person would find that prejudice or bias exists or to otherwise present facts to support disqualification or recusal. *See Burton v. Jones*, 321 F.3d 569, 577 (6th Cir. 2003). Petitioner merely dislikes the Court's handling of his case. Such a complaint provides no basis for recusal. Accordingly, the Court **DENIES** his motion for disqualification.

## II. Motion for Relief from Judgment

Petitioner also seeks relief from the Court's May 23, 2022 and July 20, 2022 orders denying his request to extend or reopen the time for filing a notice of appeal (concerning the Court's February 3, 2022 denial of his motions for relief from judgment). Petitioner brings this motion pursuant to Federal Rule of Civil Procedure 60(b). That rule provides that a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier

judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Petitioner seeks relief from judgment because he contends that his habeas counsel never received a copy of the Court's electronic notice of its February 3, 2022 order denying his Rule 60 motions.

Petitioner fails to show that he is entitled to relief from judgment. Under the Federal Rules of Appellate Procedure, a notice of appeal must be filed with the federal district court within 30 days after the judgment or order appealed from is entered. *See* Fed. R. App. P. 4(a)(1)(A). A federal district court may extend the time to file a notice of appeal if a party so moves no later than 30 days after the time prescribed expires and that party shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The Court denied Petitioner's Rule 60 motions on February 3, 2022. Petitioner gave his notice of appeal and motion for extension of time to prison officials for mailing on April 11, 2022. Thus, he did not file his notice of appeal or his motion for an extension of time within 60 days the Court's decision such that he fails to meet the time requirement of Federal Rule of Appellate Procedure 4(a)(5). Consequently, the Court did not err in declining to extend the time to file a notice of appeal under that rule.

The Court also did not erred in refusing to reopen the time for filing an appeal under Federal Rule of Appellate Procedure 4(a)(6).  That rule states:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed from within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Petitioner fails to satisfy these requirements.  Federal Rule of Civil Procedure 77(d) provides that notice of a judgment or order must be served on a party in accordance with Rule 5(b). Fed. R. Civ. P. 77(d)(1).  Federal Rule of Civil Procedure 5(b), in turn, provides that where a party is represented by an attorney service must be made on the party's attorney unless the court orders service on the party, Fed. R. Civ. P. 5(b)(1), and may be accomplished by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  Court records showed that a copy of the Court's February 3, 2022 order was electronically served on Petitioner's attorney of record on that date.  This satisfies the notice and service requirements of Federal Rule of Civil Procedure 77(d) and

5

Federal Rule of Civil Procedure 5(b). Petitioner now alleges that his attorney did not receive the electronic notice of the Court's order within 21 days after its entry on the docket. Assuming that such is the case, Petitioner arguably meets the first requirement of Rule 4(a)(6). However, he still fails to satisfy the second requirement. As noted in the Court's remand order, Petitioner stated that he learned of the Court's February 3, 2022 decision on March 23, 2022 upon researching his case in the prison law library, yet he did not submit his notice of appeal and his motion for extension of time to prison officials for mailing until 19 days later, on April 11, 2022, more than 14 days after he received notice of the Court's order. Consequently, the Court properly refused to reopen the time to file an appeal under Rule 4(a)(6). Petitioner fails to show that he is entitled to relief under Rule 60(b). Accordingly, the Court **DENIES** his motion for relief from judgment.

    **IT IS ORDERED** that Petitioner's Motion Seeking Disqualification of Judge, Justice or Magistrate (ECF No. 51) and Motion for Relief from Judgment (ECF No. 53) are DENIED. This case remains closed.

Dated: January 26, 2023        s/Denise Page Hood
                                        United States District Judge